ROBERT M. AND EILEEN M. ALLEN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allen v. Commissioner
Docket No. 22982-80.
United States Tax Court
T.C. Memo 1982-455; 1982 Tax Ct. Memo LEXIS 299; 44 T.C.M. (CCH) 735; T.C.M. (RIA) 82455; August 4, 1982. *299 During the 1977 taxable year, petitioner deducted $1,385 in expenses incurred by him to make long-distance phone calls while away from home on business. The phone calls giving rise to these expenses were made primarily to petitioner's parents and in some cases to his friends. In addition, petitioner deducted $67 in postage expenses incurred while away from home on business. Held, petitioner has failed to prove that the disputed expenses were incurred for business reasons, and therefore the claimed deductions must be disallowed. Robert M. Allen, pro se. Frank R. DeSantis, for the respondent. STERRETT
MEMORANDUM OPINION STERRETT, Judge: By notice of deficiency dated September 24, 1980, respondent determined a deficiency of $499 in petitioners' Federal income tax for the taxable year 1977. The sole issue for decision is whether certain expenses incurred by petitioner Robert M. Allen were ordinary and necessary expenses incurred in his trade or business. The facts have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners Robert M. Allen and his wife, Eileen M. Allen, resided in Medina, Ohio at the time of filing the petition herein. Eileen M. Allen is a party to this proceeding solely by reason of filing a joint return with Robert M. Allen (hereinafter petitioner). They filed a joint individual income tax return for the taxable year 1977 with the Internal Revenue Service Center, Cincinnati, Ohio. [1]
Petitioner claimed $1,385 of travel expenses *301 as deductions from adjusted gross income. These were expenses incurred by him to make long-distance phone calls while away from home on business. The specific phone calls relating to these expenses were made primarily to petitioner's parents and in some cases to his friends. Petitioner also deducted $67 in postage expenses incurred while away from home on business. The total amount deducted by petitioner for such expenses was $1,452. In his statutory notice, respondent disallowed the claimed deduction on the grounds that the expenses were not ordinary and necessary expenses relating to Mr. Allen's business. Section 162(a)(2), I.R.C. 1954, provides that there shall be allowed as a deduction all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business, including traveling expenses incurred while away from home in pursuant of a trade or business. Such traveling expenses include fares, meals and lodging, and expenses incident to travel such as expenses for sample rooms, telephone and telegraph, public stenographers, etc. Sec. 1.162-2(a), Income Tax Regs. However, telephone expenses incurred while traveling are deductible only *302 when such expenses are reasonable and necessary in the conduct of the taxpayer's business and directly attributable thereto. Sec. 1.162-2(a), Income Tax Regs.; see also Commissioner v. Flowers,326 U.S. 465, 470 (1946). As a general limitation, section 262 prohibits deductions where the expenses giving rise to them are personal, living, or family expenses. This is true for expenses incurred away from home. Sec. 1.262-1(b)(5), Income Tax Regs.
Petitioner claimed a deduction for telephone calls made to his family and friends while he was away from home on business. The total amount expended on these calls was $1,385. Petitioner bears the burden of proving that the expenses at issue herein were primarily motivated by business rather than personal considerations. Buddy Schoellkopf Products, Inc. v. Commissioner,65 T.C. 640, 662 (1975). Petitioner has come forward with no evidence indicating that the telephone expenses were incurred for business reasons. On the contrary, in all likelihood such expenses were incurred for reasons personal to the taxpayer and had no direct business purpose underlying them. Petitioner apparently is under the mistaken *303 belief that the disputed expenses are deductible simply because they were incurred while he was away from home on business. The phone calls to family and friends were not shown to have furthered Mr. Allen's business in any way. They must be disallowed. [2] Accordingly, Decision will be entered for the respondent.
Footnotes
1. The Allens were married on December 30, 1977.↩
2. Mr. Allen also deducted $67 in postage expenses incurred while away from home. No evidence was presented with respect to these expenses to prove their business nature. Therefore, they must also be disallowed.↩